UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY HANKINS and
KENNETH WOODS, on their
own behalf and on behalf of
those similarly situated,                          CASE NO.:

    Plaintiffs,

vs.

THE HARRIS GROUP, LLC, a
Florida Limited Liability
Company, and BUFFORD
HARRIS, individually,

    Defendants.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(Collective Action Complaint)**

Plaintiffs, JEFFREY HANKINS and KENNETH WOODS ("Plaintiffs"), on their own behalf and on behalf of those similarly situated, were employees of Defendants, THE HARRIS GROUP, LLC ("Harris Group"), and BUFFORD HARRIS, and bring this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

**INTRODUCTION**

1.    Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. §207(a).

1

2. The Fair Labor Standards Act was passed in 1938. Its principal purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against

Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

6. Defendants violated and continue to violate the FLSA by misclassifying its Security Officers as "independent contractors" and refusing to pay them a livable wage.

7. Misclassification of employees as independent contractors "deprives employees of critical workplace protections and employment benefits to which they are legally entitled."[1]

8. Misclassification of workers also costs the government billions of dollars in unpaid taxes.[2]

9. Due to the rise in misclassification among the American workforce, the Department of Labor's Wage and Hour Division has launched a nationwide "Misclassification Initiative." *See* http://www.dol.gov/whd/workers/misclassification/.

10. Defendants' misclassification of Plaintiffs and other similarly-situated workers puts law-abiding companies at a competitive disadvantage.[3]

---

[1] Statement of Secretary of Labor Hilda L. Solis on introduction of legislation regarding issue of misclassification, U.S. Department of Labor, Wage and Hour Division (April 22, 2010), *available online at* www.dol.gov.

[2] Annual Report of the White House Task Force on the Middle Class, Executive Summary at "v" (February 2010), available online at http://www.whitehouse.gov/strongmiddleclass/reports.

[3] *See supra* note 2 at pg. 21.

11. The Defendants in this case violated the FLSA by failing to pay Plaintiffs and other similarly-situated "Security Officers" the statutory time and one-half compensation for all of their hours worked over forty (40) each week.

12. This action is intended to include each and every "Security Officer" classified by Defendants as an "independent contractor" who performed services for Defendants at any time within the past three (3) years.

## PARTIES

13. Plaintiffs, and those similarly situated individuals ("class members"), were Security Officers classified as "independent contractors" and paid an hourly rate for services performed for Defendants.

14. At all times material hereto, HARRIS GROUP was a Florida Limited Liability Company employing workers and doing business throughout the state of Florida, including in this district.

15. HARRIS GROUP is in the business of providing investigation and security services throughout the state of Florida on behalf of its customers.

16. All of the events, acts and omissions that give rise to this lawsuit occurred within the state of Florida.

17. At all times relevant hereto, Defendants recruited non-exempt security officers, like Plaintiffs and those similarly situated to Plaintiffs, to work in the state of Florida.

## JURISDICTION AND VENUE

18. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

19. Defendants, HARRIS GROUP and BUFFORD HARRIS, conduct business in, Orange County, Florida, as well as statewide, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

20. At all material times hereto, Defendant, HARRIS GROUP, was, and continues to be, an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

21. At all material times hereto, Defendant, HARRIS GROUP, was, and continues to be an "employer" as defined by 29 U.S.C. § 203(d).

22. Based upon information and belief, Defendant, HARRIS GROUP, has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time periods.

23. At all material times hereto, Defendant, HARRIS GROUP, has been an enterprise engaged in commerce or in the production of goods for commerce

within the meaning of Section 203(s)(1) of the FLSA, in that the company had two (2) or more employees:

    a. Engaged in commerce; or

    b. Engaged in the production of goods for commerce; or

    c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. vehicles, telephones, tools, equipment and/or office supplies).

24. Therefore, Defendant, HARRIS GROUP, is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

25. At all times relevant to this action, BUFFORD HARRIS was an individual resident of the State of Florida, who owned and operated HARRIS GROUP, and who regularly exercised the authority to: (a) hire and fire employees of HARRIS GROUP; (b) determine the work schedules for the employees of HARRIS GROUP, and (c) control the finances and operations of HARRIS GROUP. By virtue of having regularly exercised that authority on behalf of HARRIS GROUP, BUFFORD HARRIS is/was an employer as defined by 29 U.S.C. § 201, et seq.

## FACTUAL ALLEGATIONS

26. Defendant, HARRIS GROUP, is, among other things, an investigations and security services provider and hires "Security Officers" to provide security services for Defendants' customers.

27. At all times material hereto, Plaintiffs were employed by Defendants within the meaning of the FLSA.

28. Plaintiffs were hired by Defendants to perform duties as security officers.

29. Plaintiff, JEFFREY HANKINS, worked for Defendants in this capacity from approximately June 2020 to July 2022.[4]

30. Plaintiff, KENNETH WOODS, worked for Defendants in this capacity from approximately August 2020 to August 2021.

31. Plaintiffs and those similarly situated to them performed security service duties on behalf of Defendants and were paid directly by Defendants.

32. At all times material hereto, Defendants determined the nature and amount of Plaintiffs' and those similarly situated employees' pay.

33. Plaintiffs and the class members did not have the ability to negotiate his/their rate(s) of pay.

---

[4] Hankins was out of work from on or around December 2020 to March 2021 due to a workplace injury.

34. Plaintiffs and the class members did not negotiate their rate(s) of pay.

35. Plaintiffs' and the class members' rate(s) of pay was/were preset by Defendants.

36. Defendants classified Plaintiffs as "independent contractors."

37. Defendants recruited other Security Officers and classified these workers as independent contractors.

38. Each of the Security Officers, including Plaintiffs, were paid an hourly rate for work performed.

39. Plaintiffs and those similarly situated were paid based on how many hours they worked per day.

40. Defendants provided Plaintiffs and other similarly situated Security Officers with the tools and equipment needed to perform their work (i.e. uniform shirt, uniform windbreaker, uniform hat and bullet proof vest, etc.).

41. Defendants trained Plaintiffs and other similarly situated Security Officers.

42. Plaintiffs' and the class members' job did not require any specialized skills other than those which were taught to them during Defendants' training session(s) and/or through on-going training provided by Defendants.

43. Plaintiffs and the class members regularly communicated with Defendants' management during the performance of their duties each day.

44. Plaintiffs and the class members are required to notify Defendants' management of all hours worked.

45. Plaintiffs and the class members did not have discretion with respect to the performance of their job assignments.

46. Plaintiffs and the class members did not have discretion with regard to their schedule/hours worked.

47. Defendants issued Plaintiffs and other similarly situated Security Officers a uniform/shirt, and hat all bearing the HARRIS GROUP company logo and which they were required to wear on the job.

48. Defendants monitored and critiqued the work of Plaintiffs and other similarly situated Security Officers.

49. Defendants informed Plaintiffs and other similarly situated Security Officers if they were not performing their job duties according to applicable standards.

50. Plaintiffs and other similarly situated Security Officers were closely supervised by Defendants' management.

51. The work performed by Plaintiffs and the other similarly situated Security Officers was integral to Defendants' business because Defendants were

paid by its customers for the services provided by Plaintiffs and other similarly situated Security Officers.

52. Plaintiffs and the other similarly situated Security Officers could not employ their own workers to perform their work.

53. Defendants controlled the work schedule of Plaintiffs and the similarly situated Security Officers.

54. Plaintiff, and those similarly situated, are/were economically dependent upon the compensation they received for their exclusive work performed for HARRIS GROUP.

55. Plaintiffs and those similarly situated routinely worked in excess of forty (40) hours per week as part of their regular job duties.

56. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiffs, and those similarly situated, overtime compensation at a rate of time and a half of their regular rate of pay for hours worked over forty (40) in a workweek.

57. Defendants misclassified Plaintiffs and those similarly situated Security Officers as "independent contractors" and failed to pay them proper overtime compensation for all overtime hours worked each week.

58. Defendants had numerous other individuals employed as Security Officers who performed the same or similar job duties under the same pay provisions as Plaintiffs and the class members companywide.

## COLLECTIVE ACTION ALLEGATIONS

59. Plaintiffs and the class members performed the same or similar job duties as one another in that they performed duties as Security Officers on behalf of Defendants.

60. Plaintiffs and the class members were all hired by Defendants to perform security services.

61. Plaintiffs and the class members were all paid an hourly rate for work performed.

62. Plaintiffs and the class members worked similar hours and usually worked more than forty (40) hours per week.

63. Plaintiffs and the class members were all classified by Defendants as independent contractors.

64. Plaintiffs and the class members were subjected to the same pay provisions, inasmuch as they were not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek. Thus, the class members are owed overtime wages for the same reasons as Plaintiffs.

65. Defendants' failure to compensate Plaintiffs and the class members for all hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of misclassifying these workers as independent contractors and failing to pay them overtime compensation based on their uniform pay policy, applicable to all putative class members herein.

66. These policies or practices were applicable to Plaintiffs and the class members.

67. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiffs applies to all class members. Accordingly, the class members are properly defined as:

> **All Security Officers who worked for Defendants within the last three (3) years who were classified as independent contractors and who were not compensated at time-and-one-half of their hourly rate for all hours worked in excess of forty (40) hours in one or more workweeks.**

68. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime with respect to Plaintiffs and the class members.

69. Defendants knew that Plaintiffs and those similarly situated Security Officers should have been classified as employees and that they are/were

required to pay Plaintiffs and those similarly situated overtime pay for all overtime hours they worked each workweek, yet Defendants failed to do so.

70. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

71. Defendants did not have any good faith basis for their decision to misclassify Plaintiffs and the class members as independent contractors.

72. Defendants have acted willfully in failing to pay Plaintiffs and the class members in accordance with the law.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION

73. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-72 above as though fully stated herein.

74. Plaintiffs and the class members are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

75. During their employment with Defendants, Plaintiffs and the class members regularly worked overtime hours, but were not paid time and one-half compensation for same.

76. As a result, Plaintiffs and the class members did not earn proper overtime compensation for all hours worked in excess of forty (40) hours per week during one or more workweeks contrary to 29 U.S.C. §207 of the FLSA.

77. Defendants willfully failed to pay overtime compensation for these hours contrary to 29 U.S.C. §207.

78. Defendants failed to properly disclose or apprise Plaintiffs and the class members of their rights under the FLSA.

79. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiffs and the class members time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiffs and the class members have suffered damages, plus incurring reasonable attorneys' fees and costs.

80. As a result of Defendants' willful violation of the FLSA, Plaintiffs and the class members are entitled to liquidated damages.

81. Plaintiffs and the class members are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated Security Officers respectfully request that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the

Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

a. Awarding Plaintiffs, and those similarly situated, their unpaid overtime wages;

b. Awarding liquidated damages in an amount equal to the overtime wage award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees, expert fees, and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: October 28, 2022	Respectfully submitted by,

*/s/ Kimberly De Arcangelis*
Kimberly De Arcangelis, Esq.
Bar No.:  0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email:  kimd@forthepeople.com

*Trial Counsel for Plaintiff and Class Members*